DANTE T. PRIDE (SBN 262362)
*dpride@pridelawfirm.com*
JESSICA K. PRIDE (SBN 249212)
*jpride@pridelawfirm.com*
ALANA MCMAINS (SBN 285942)
*amcmains@pridelawfirm.com*
**THE PRIDE LAW FIRM**
2831 Camino Del Rio S, Suite 104
San Diego, California 92108
Telephone: 619-516-8166
Facsimile: 619-785-3414

Attorneys for Plaintiff Bethany LaBarge

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

**'21 CV 1035 TWR BGS**

| | |
|---|---|
| BETHANY LABARGE, an individual,<br><br>                Plaintiff,<br><br>        v.<br><br>CITY OF LA MESA, a municipal entity; WALT VASQUEZ, in his individual and official capacity; and DOES 1-25, inclusive;<br><br>                Defendants. | **PLAINTIFF'S COMPLAINT FOR:**<br><br>1) **VIOLATION OF 42 U.S.C. § 1983 (EXCESSIVE FORCE);**<br>2) **VIOLATION OF 42 U.S.C. § 1983 – *MONELL* (FAILURE TO PROPERLY TRAIN/SUPERVISE)**<br>3) **BATTERY;**<br>4) **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**<br>5) **VIOLATION OF RALPH ACT (CIVIL CODE § 51.7);**<br>6) **BANE CIVIL RIGHTS ACT (CIVIL CODE § 52.1); AND**<br>7) **NEGLIGENCE**<br><br>JURY TRIAL DEMANDED |

Plaintiff BETHANY LABARGE ("Plaintiff"), by and through her counsel of record, hereby alleges the following:

THE PRIDE LAW FIRM

## PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff is, and at all relevant times was, an individual residing in San Diego County, California.

2.     At all times relevant to this Complaint, Defendant CITY OF LA MESA ("the CITY" or "LA MESA") is a public entity, a county in the State of California, of which the La Mesa Police Department ("LMPD") is a department.

3.     At all times relevant to this Complaint, Defendant WALT VASQUEZ ("VASQUEZ") was the policy-maker for LMPD.  VASQUEZ was responsible for promulgation of the policies, procedures, and allowance of the practices and customs pursuant to which the acts of the LMPD alleged herein were committed. He also supervised and had control of officers who are or were employed by LMPD, who were under his command and who reported to him, including the Defendants to be named.

4.     Plaintiff is ignorant as to the true names, identities, and capacities of Defendants DOES 1 through 25, inclusive.  Therefore, Plaintiff sues these Defendants under the fictitious designation of DOES 1 through 25.  Plaintiff will amend this Complaint once their identities have been ascertained as well as facts giving rise to their liability.

5.     Defendants Does 1-25, individually and in their official capacities, at all times relevant herein, were deputies, officers and/or employees for LMPD, acting in their official capacity and under color of law. These defendants include deputies in supervisory positions that participated in training other officers, in the supervision of the use of force by other officers, and in reporting incidents of use of force to other employees within LMPD.

6.     Venue is proper in this Court because the acts and omissions complained of all occurred within the County of San Diego.

7.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(3), and 1343(4).  This Court further has supplemental jurisdiction over the pendent

1   state law claims under 28 U.S.C. § 1376(a).

2        8.     On July 15, 2020, Plaintiff filed a claim for damages with the CITY, as

3   required by California Government Code § 910.  On December 1, 2020, the CITY

4   denied Plaintiff's claim.

5   **GENERAL ALLEGATIONS**

6        9.     On May 25, 2020, Minneapolis Police Department Officer Derek

7   Chauvin held his knee on the neck of George Floyd, a Black man, for over nine

8   minutes, as Floyd pleaded, "I can't breathe."  As Officer Chauvin's colleagues

9   stood by watching, Floyd lost consciousness and died.

10        10.     Floyd's death followed two other high-profile police killings of Black

11   Americans: the shootings of Ahmaud Arbery and Breonna Taylor.  Floyd's death

12   became a catalyst for days of demonstrations against racially motivated police

13   violence – first in Minneapolis, then throughout the country and the globe.

14        11.     On Saturday May 30, 2020, a protest occurred in LA MESA.  The

15   demonstration in LA MESA was in response not only to the killings of Floyd,

16   Arbery, and Taylor, but also in response to a video of a LA MESA police officer

17   detaining a Black man named Amaurie Johnson.

18        12.     Protesters began marching on Interstate 8 in the afternoon.  The

19   protesters chanted, "Black Lives Matter" and carried signs with slogans such as,

20   "No Justice, No Peace."  At approximately 2:30 p.m., the protesters arrived at the

21   LMPD building.

22        13.     Plaintiff attended the demonstration in the evening in order to publicly

23   protest against policy brutality.

24        14.     While at the protest, Plaintiff stood peacefully and chanted.

25        15.     At one point, Plaintiff saw LMPD begin shooting kinetic impact

26   projectiles at protestors and vehicles driving by.  At approximately 8:15 p.m.,

27   Plaintiff witnessed LMPD officers shoot a Black grandmother in the forehead with

28   a bean bag projective.  She called 911 to report the shooting.

16.     At one point, while Plaintiff was standing in the LMPD parking lot, an unknown officer shot her in the chest with a kinetic impact projective, causing her significant and ongoing pain and psychological distress.

## FIRST CAUSE OF ACTION

### VIOLATION OF 42 U.S.C. § 1983 (EXCESSIVE FORCE)

### (Against Defendants DOES 1-25, inclusive)

17.     Plaintiff hereby realleges and incorporates by reference all allegations set forth in the preceding paragraphs as if fully set forth herein.

18.     Plaintiff had a firmly established right under the Fourth Amendment to be free from the wanton and unnecessary infliction of pain in the form of the use of excessive force by the authorities.

19.     Defendant DOES 1-25, while acting under color of state law as an officer with the LMPD, deprived Plaintiff of that right by using excessive force against her by shooting her in the chest with a kinetic impact projectile.

20.     As a result of the conduct of DOES 1-25, inclusive, Plaintiff was injured physically, psychologically, and emotionally.  Defendants' use of excessive force was both the cause-in-fact and the proximate cause of Plaintiff's injuries.

21.     The conduct alleged herein was done in deliberate or reckless disregard of Plaintiff's constitutionally protected rights, justifying the award of exemplary damages against Defendant in an amount according to proof at the time of trial in order to deter Defendant from engaging in similar conduct and to make an example by way of monetary punishment. Plaintiffs is also entitled to attorneys' fees and costs of suit herein.

## SECOND CAUSE OF ACTION

### VIOLATION OF 42 U.S.C. § 1983 / *MONELL* (FAILURE TO PROPERLY TRAIN/SUPERVISE)

### (Against Defendants the CITY and VASQUEZ)

22.     Plaintiff hereby realleges and incorporates by reference all allegations

set forth in the preceding paragraphs as if fully set forth herein.

23. LA MESA, VASQUEZ, and Supervisory DOE Defendants 12-25 are each liable for the deprivation of Plaintiff's constitutional rights under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), and its progeny, which hold that municipal entities may be held liable for violations of Constitutional rights committed by its employees if the violations arose from:

    a.    a widespread practice that, although not authorized by written law or express municipal policy, is "so permanent and well settled as to constitute a custom or usage" with the force of law;

    b.    the ratification of the illegal and unconstitutional conduct by an individual with final policy-making authority; and/or

    c.    a failure to adequately train municipal employees resulting in the deliberate indifference to the constitutional rights of citizens.

24. Defendants LA MESA, VASQUEZ, and Supervisory DOE Defendants 12-25 failed to provide adequate supervision and discipline to deputies that hold the power, authority, insignia, equipment and arms entrusted to them.

25. Defendants LA MESA, VASQUEZ, and Supervisory DOE Defendants 12-25 were aware of the widespread problems with the use of excessive force within LMPD. Despite this knowledge, Defendants took no action to supervise or discipline deputies, or to provide better training as to proper use of force.

26. Defendants LA MESA, VASQUEZ, and Supervisory DOE Defendants 12-25 have a lengthy history of ratifying deputy misconduct by failing to conduct appropriate investigations.  They have refused to investigate misconduct and/or taken no remedial steps or actions against deputies.

27. There has been an official policy of acquiescence in the wrongful conduct. Defendants failed to promulgate corrective policies and regulations in the face of repeated Constitutional violations.  Defendants condoned and

acquiesced in the abusive behavior of their subordinates by refusing to retrain them, discipline them, or correct their abusive behavior.

28.     Defendant LA MESA, VASQUEZ, and Supervisory DOE Defendants 12-25, as a matter of custom, practice, or policy, failed to institute, require, and enforce proper and adequate training and supervision for the use of kinetic impact projectiles by its employees, when the need for such training and supervision was obvious. Defendants' failure to properly train and supervise its employees resulted in a violation of Plaintiff's Fourth Amendment rights.

29.     Multiple peaceful protesters were harmed by kinetic impact projectiles and similar "less lethal" weapons fired by LMPD officers, which suggests that this was not merely an accident or a bad act by one officer, but rather a widespread deficiency in the policies, practices, and customs of LMPD.

30.     Defendants' failure to properly train and supervise its officers, as a matter of policy, custom, and practice, was deliberately indifferent to Plaintiff's Fourth Amendment rights and done with conscious disregard for the dangers of harm and injury to her and others similarly situated.

31.     As a result of these failures by LA MESA, VASQUEZ, and Supervisory DOE Defendants 12-25 Plaintiff was injured physically, psychologically, and emotionally.  Defendants' conduct was both the cause-in-fact and the proximate cause of Plaintiff's injuries.

### THIRD CAUSE OF ACTION

### BATTERY

### (Against Defendant LA MESA, DOES 1-25)

32.     Plaintiff hereby realleges and incorporates by reference all allegations set forth in the preceding paragraphs as if fully set forth herein.

33.     Defendants DOES 1-25 caused Plaintiff to be touched with the intent to harm or offend his, specifically by shooting her in the chest with a kinetic impact projectile.

34.     Plaintiff did not consent to the touching by DOES 1-25, inclusive.

35.     Plaintiff was harmed and offended by Defendants' conduct.

36.     A reasonable person in Plaintiff's situation would have been offended by the touching.

37.     Plaintiff sustained severe damages, including physical pain, suffering, and emotional distress, as well as economic damages including but not limited to medical expenses and lost wages, in an amount to be proven at trial.

38.     Defendant LA MESA is liable in *respondeat superior* for the conduct of individual defendant officers DOES 1-25, inclusive, in the course and scope of their employment, per Government Code § 815.2.

39.     The conduct of Defendant DOES 1-25, inclusive, was malicious and oppressive, such that punitive damages are appropriate in order to punish these Defendants and deter them from engaging in similar conduct in the future.

## FOURTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against Defendant LA MESA and DOES 1-25, inclusive)

40.     Plaintiff hereby realleges and incorporates by reference all allegations set forth in the preceding paragraphs as if fully set forth herein.

41.     The conduct of Defendants LA MESA and DOES 1-25, inclusive, as set forth in the preceding paragraphs, was outrageous.  It was so extreme as to exceed all bounds of that usually tolerated in a civilized society.

42.     Defendants intended to cause Plaintiff emotional distress and/or acted with reckless disregard for the probability that Plaintiff would suffer emotional distress, when DOES 1-25 shot Plaintiff with kinetic impact projectile.

43.     Plaintiff suffered severe emotional distress, with damages in an amount to be proven at trial.

44.     Defendants' conduct was a substantial factor in causing Plaintiff's severe emotional distress.

THE PRIDE
LAW FIRM

45.    Defendant LA MESA is liable in *respondeat superior* for the conduct of individual defendant officers DOES 1-25, inclusive, in the course and scope of their employment, per Government Code § 815.2.

46.    The conduct of Defendant VASQUEZ and DOES 1-25, inclusive, was malicious and oppressive, such that punitive damages are appropriate in order to punish these Defendants and deter them from engaging in similar conduct in the future.

## FIFTH CAUSE OF ACTION

### VIOLATION OF RALPH ACT (CIVIL CODE § 51.7)

### (Against Defendants the CITY, and DOES 1-25)

47.    Plaintiff hereby realleges and incorporates by reference all allegations set forth in the preceding paragraphs as if fully set forth herein.

48.    Defendants VASQUEZ, the CITY, and DOES 1-25, inclusive, committed a violent act against Plaintiff.

49.    A substantial motivating reason for Defendants' conduct was Plaintiff's political affiliation or Defendant's perception of Plaintiff's political affiliation.  Specifically, the substantial motivating reason for their conduct was Plaintiff's affiliation with the Black Lives Matter movement, which constitutes a political affiliation under the Ralph Act.

50.    Plaintiff was harmed, including physical pain, suffering, emotional distress, and economic damages including but not limited to medical expenses and lost wages, in an amount to be proven at trial.

51.    Defendants' conduct was a substantial factor in causing Plaintiff's harm.

52.    The conduct of Defendant DOES 1-25, inclusive, was malicious and oppressive, such that punitive damages are appropriate in order to punish these Defendants and deter them from engaging in similar conduct in the future.

53.    Defendant the CITY is liable in *respondeat superior* for the conduct of

individual defendant officers DOES 1-25, inclusive, in the course and scope of their employment, per Government Code § 815.2.

## SIXTH CAUSE OF ACTION

### BANE CIVIL RIGHT ACT (CIVIL CODE § 52.1)

### (Against Defendants the CITY and DOES 1-25)

54.     Plaintiff hereby realleges and incorporates by reference all allegations set forth in the preceding paragraphs as if fully set forth herein.

55.     On the afternoon of May 30, 2020, Plaintiff was exercising her First Amendment rights to free speech and assembly by attending a political protest and chanting against police use of excessive force against Black Americans.

56.     By threats, intimidation, and/or coercion, Defendants DOES 1-25, inclusive, intentionally interfered with or attempted to interfere with Plaintiff's rights.

57.     By threats, intimidation, and/or coercion, Defendants caused Plaintiff to reasonably believe that if she exercised her right to free speech and/or assemble, Defendants would commit violence against her and that Defendants had the apparent ability to carry out the threats.

58.     Further, Defendants acted violently against Plaintiff to prevent her from exercising her right to free speech and/or right to assemble, as well as to retaliate against Plaintiff for exercising her right to free speech and/or assemble.

59.     The CITY condoned, approved of, directed, and encouraged the use of excessive, unlawful force at the May 30, 2020 protest.  DOES 1-25, at the direction of and with the approval of supervisory officers of the LMPD, violated the CITY's written policies, and standard law enforcement practices, regarding the use of "less than lethal" kinetic impact projectiles such as the bean bag round shot at Plaintiff. These violations included, but are not limited to, firing bean bag rounds into a large crowd and aiming the rounds at a target's chest instead of arms or legs.

60.     Defendants intended to deprive Plaintiff of her enjoyment of the

THE PRIDE
LAW FIRM

COMPLAINT FOR DAMAGES

interests protected by the First Amendment rights to free speech and assembly.

61.     Plaintiff was severely harmed, including physical pain, suffering, and emotional distress, as well as economic damages including but not limited to medical expenses and lost wages, in an amount to be proven at trial.

62.     The conduct of all Defendants was a substantial factor in causing Plaintiff's harm.

63.     The conduct of Defendant DOES 1-25, inclusive, was malicious and oppressive, such that punitive damages are appropriate in order to punish these Defendants and deter them from engaging in similar conduct in the future.

64.     Defendant the CITY is liable in *respondeat superior* for the conduct of individual defendant officers DOES 1-25, inclusive, in the course and scope of their employment, per Government Code § 815.2.

## SEVENTH CAUSE OF ACTION

### NEGLIGENCE

### (Against All Defendants)

65.     As law enforcement officers tasked with serving the public, all Defendants owed a special duty of care to Plaintiff, as well as the general duty of care owed by all people to each other in the state of California.

66.     Defendants breached their duty of care to Plaintiff by utilizing force against him, including but not limited to shooting her with a kinetic impact projectile.

67.     Plaintiff was severely harmed, including physical pain, suffering, and emotional distress, as well as economic damages including but not limited to medical expenses and lost wages, in an amount to be proven at trial.

68.     Defendants' negligence was a substantial factor in causing that harm to Plaintiff.

69.     The conduct of Defendant DOES 1-25, inclusive, was malicious and oppressive, such that punitive damages are appropriate in order to punish these

THE PRIDE
LAW FIRM

1  Defendants and deter them from engaging in similar conduct in the future.

2      70.    Defendant the CITY is liable in *respondeat superior* for the conduct of

3  individual defendant officers DOES 1-25, inclusive, in the course and scope of their

4  employment, per Government Code § 815.2.

5                    **PRAYER FOR RELIEF**

6          WHEREFORE, Plaintiff Bethany LaBarge prays for relief as follows:

7      1.    General and compensatory damages according to proof at the time of

8  trial;

9      2.    Attorney's fees pursuant to 42 U.S.C. § 1983 and California Civil

10  Code §§ 52 and 52.1(i);

11     3.    Civil penalties pursuant to California Civil Code §§ 52 and 52.1(i);

12     4.    Punitive and exemplary damages;

13     5.    Declaratory and injunctive relief remedying the continued policies,

14  customs and practices governing how the LMPD uses less-lethal weapons such as

15  bean-bag metal kinetic projectiles, irritants such as pepper spray, and its general

16  response to political demonstrations;

17     6.    Costs of suit herein and interest; and

18     7.    Any further equitable relief that this Court deems just and appropriate.

19

20                    **JURY DEMAND**

21  Plaintiff demands a jury trial on all issues in this case.

22

23  Dated: June 1, 2021                    **THE PRIDE LAW FIRM**

24

25

26  By: _____

27  DANTE T. PRIDE
    JESSICA K. PRIDE
    ALANA MCMAINS
28  Attorneys for Plaintiff

THE PRIDE
LAW FIRM

- 11 -
COMPLAINT FOR DAMAGES